**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>NETWORX SYSTEMS INC. and PLANET ROOF PA, LLC<br><br>Defendants. | Case No. |

## CLASS ACTION COMPLAINT

### Background

1. Stewart Abramson ("Plaintiff") brings this class action against Networx Systems Inc. ("Networx"), who the Plaintiff alleges made pre-recorded telemarketing calls as the agent of Planet Roof PA, LLC ("Planet Roof") (collectively referred to as "Defendants") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and alleges as follows:

2. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3. Plaintiff brings this action under the TCPA alleging that Defendants advertised its products and services through a marketing campaign using pre-recorded messages despite not having the requisite consent to contact those individuals.

4. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

5. A class action is the best means of obtaining redress for the Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiff Stewart Abramson is a resident in this District.

7. Defendant Networx Systems Inc. is a corporation.

8. Defendant Planet Roof PA, LLC is a limited liability company.

## Jurisdiction & Venue

9. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

10. This Court has specific personal jurisdiction over Defendants because it sent calls into this District.

11. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were sent into this District.

## Factual Allegations

12. Plaintiff's residential telephone number is (412) XXX-2147.

13. The number is a non-commercial telephone numbers not associated with any business.

14. Plaintiff's number is used for personal purposes.

15. Plaintiff has never asked or requested to be a customer of Defendants.

16. Despite that, Plaintiff received at least one call from Defendant Networx for Planet Roof PA.

17. One such call was on March 6, 2026.

18. Defendant called Plaintiff's telephone number using the Caller ID number 412-806-7603, which was spoofed to appear that it was a local call.

19. Plaintiff answered the call that he received on March 6, 2025 and he heard an artificial female voice that identified itself as "Christa", who was calling about roofing.

20. The caller delivered messages to Plaintiff that were clearly created by an artificial intelligence (AI) system.

21. The AI system that identified itself as "Christa" eventually transferred Plaintiff to a second AI system that identified itself as "Amanda with Networx".

22. Plaintiff gave the AI system that identified itself as "Amanda with Networx" some personal information, and the AI system informed Plaintiff that someone would call him back about his roofing needs.

23. Within 10 minutes Plaintiff received a call back from an agent named Jackie with Planet Roof, and she informed Plaintiff that he could call or text her office back at 724-345-2374.

24. The voices that Plaintiff heard during initial call that Plaintiff received on March 6, 2026 had a uniform tone, cadence, and inflection consistent with artificially generated messages rather than a live human speaker.

25. Plaintiff subsequently called back the Caller ID number (412-806-7603) that had initially called him and confirmed that the same AI system was present.

26. The contacts to Plaintiff were unwanted.

27. The contacts were nonconsensual encounters.

28. Plaintiff's privacy was violated by the above-described telemarketing contact.

29. Plaintiff never provided his consent or requested the contact.

30. Plaintiff and the other call recipients were harmed by this contact.

31. Moreover, this contact injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

**Planet Roof PA's Liability for Networx Conduct**

32. Defendant Planet Roof PA, LLC is vicariously liable for the conduct of Defendant Networx Systems Inc. because Networx acted as Planet Roof's agent and on its behalf in initiating the telemarketing calls described herein.

33. Networx acted on behalf of Planet Roof by initiating and facilitating telemarketing calls that promoted home improvement and roofing services offered by Planet Roof, generated consumer leads for Planet Roof, and connected call recipients with Planet Roof or its representatives.

34. The telemarketing calls were designed to generate sales opportunities exclusively for Planet Roof, and the calls directed consumers toward Planet Roof's services.

35. Planet Roof authorized and benefitted from Networx's telemarketing conduct by accepting and using the leads generated from the calls, including the lead generated from Plaintiff.

36. Planet Roof contacted Plaintiff shortly after the telemarketing call using information obtained during the call, which confirms that Planet Roof received and acted upon the lead generated by Networx.

37. Planet Roof exercised control over the objectives and purpose of the telemarketing campaign, including the promotion of its services and the generation of sales leads.

38. The telemarketing calls were made for the purpose of generating leads and sales for Planet Roof, and Planet Roof directly benefited from those calls.

39. Defendants' conduct was part of a coordinated marketing campaign in which prerecorded calls were used to collect consumer information and transmit that information to Planet Roof for follow-up sales contact.

40. The near-immediate follow-up contact from Planet Roof after Plaintiff's interaction with Networx's system demonstrates that Defendants used an integrated lead generation system that transmitted Plaintiff's information in real time for the purpose of initiating sales contact.

## **Class Action Statement**

41. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

42. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

43. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **<u>Robocall Networx Class</u>:** Plaintiff and all persons within the United States: (1) to whose residential telephone numbers (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) that advertised, or were intended to advertise, Defendant's services (4) within the four years prior to the filing of the Complaint.
>
> > **<u>Robocall Networx Planet Roof PA, LLC Sub-Class</u>:** Plaintiff and all persons within the United States: (1) to whose residential telephone numbers (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) that advertised, or were intended to advertise, Defendant's services (4) for the benefit of Planet Roof PA, LLC (5) within the four years prior to the filing of the Complaint.

44. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

45. Excluded from the Class are counsel, Defendant, and any entities in which Defendants have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

46. Plaintiff and all members of the Class have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

47. This Class Action Complaint seeks injunctive relief and money damages.

48. The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

49. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

50. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

51. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

52. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

53. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a. Whether Defendants made calls using artificial or prerecorded voices to Plaintiff;

b. Whether Defendants' conduct constitutes a violation of the TCPA; and

c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

54. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

55. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

56. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class

members, which will be ascertainable from records maintained by Defendants and/or their agents.

57. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

58. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## CAUSE OF ACTION

### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227(b))
### (On Behalf of Plaintiff and the Robocall Class)

59. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

60. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

61. The Defendants' violations were negligent, willful, or knowing.

62. As a result of Defendants' violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

63. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making pre-recorded calls, except for emergency purposes, to any protected telephone number in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendants from using artificial or prerecorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Plaintiff,
By Counsel,

By: *<u>/s/ Jeremy C. Jackson</u>*
Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

Anthony I. Paronich, *Subject to Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff and the Proposed Class*