# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff(s),<br><br>        v.<br><br>NETWORX SYSTEMS INC and PLANET ROOF PA, LLC<br><br>    Defendant(s). | Civil Action No. 2:26-cv-00536<br><br><br><br><br><br>**Electronically Filed** |

## THIRD-PARTY COMPLAINT

Defendant, Planet Roof PA, LLC ("Planet Roof" or "Plaintiff"), through its undersigned counsel, hereby files its Third-Party Complaint against Third-Party Defendant Bigly Sales, Inc. ("Third-Party Defendant" or "Bigly"), as follows:

## NATURE OF ACTION

1.    Plaintiff, Stewart Abramson ("Abramson"), on behalf of himself and all others similarly situated, filed a putative class action complaint (the "Complaint") against Planet Roof seeking damages resulting from alleged negligent and willful violations of the Telephone Consumer Protection Act ("TCPA").

2.    More specifically, Abramson alleges that Planet Roof violated the TCPA by delivering pre-recorded voicemail messages to Abramson's cellular telephone without Abramson's prior express consent.

3.    The telephone calls about which Plaintiff complains were not made by Planet Roof. Rather, they were made by Third-Party Defendant.

4.    Should Planet Roof be found liable to Abramson herein, which liability is expressly denied, Planet Roof alleges it is entitled to, *inter alia*, common-law and/or contractual

indemnification and contribution from Third-Party Defendant, as any such liability would be a direct result of Third-Party Defendant's actions and/or inactions.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Abramson's claims in the Complaint pursuant to 28 U.S.C. § 1331.

6.      The claims in this Third-Party Complaint are substantially related to the claims at issue in the Complaint and this Court has supplemental jurisdiction over same pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

8.      Defendant/Third-Party Plaintiff Planet Roof PA, LLC is a Pennsylvania limited liability company.

9.      Third-Party Defendant is a Delaware corporation with its principal place of business located in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

10.      Planet Roof engaged Co-Defendant Networx Systems Inc. ("Networx"), a home improvement lead generation platform that connects homeowners with local contractors, to provide qualified homeowner leads and customer referrals for Planet Roof's roofing services.

11.      Upon information and belief, Networx in turn engaged Bigly to place outbound telemarketing calls and deliver prerecorded voicemail messages using Bigly's AI voice platform to generate and qualify leads for the benefit of Planet Roof and other contractors on the Networx platform.

2

12.     As stated on its website, "Bigly Sales designs AI voice systems with regulatory enforcement built into how calls are placed, routed, monitored, and recorded. This includes consent handling, Do Not Call enforcement, time-of-day controls, opt-out detection, and audit logging."[1]

13.     Indeed, Bigly also touts its TCPA compliance on its website.  In this regard, Bigly's website claims it has "Bulletproof TCPA Enforcement."[2]



14.     Third-Party Defendant caused the telemarketing calls and pre-recorded voicemail messages described in the Complaint to be placed to Abramson.

15.     Planet Roof did not directly place any telephone calls to Plaintiff at any time.

16.     To the extent that Abramson or any members of the putative class were called absent their consent – which Planet Roof expressly denies – this is a direct result of Third-Party Defendant's failure to perform its services in conformance with the TCPA and applicable FCC rules.

17.     Planet Roof has demanded that Third-Party Defendant indemnify, defend, and hold Planet Roof harmless from the claims and damages alleged in Plaintiff's Complaint.

---

[1] https://biglysales.com/about-us/ (visited July 22, 2026).
[2] https://biglysales.com/ (visited July 22, 2026).

18. Third-Party Defendant has improperly refused to indemnify, defend, and hold Planet Roof harmless from any and all claims, losses, and/or damages alleged in these proceedings, including Planet Roof's reasonable attorneys' fees.

## COUNT I
## COMMON LAW INDEMNIFICATION

19. Planet Roof repeats and realleges the allegations of the preceding paragraphs as if set forth at length herein.

20. To the extent that Abramson received violative telemarketing calls and pre-recorded voicemail messages without his consent as alleged in the Complaint, Third-Party Defendant should be held solely responsible for these failures.

21. Without admitting the truth of the allegations set forth in the Complaint, if Abramson sustained damages in the manner alleged in the Complaint through any fault or negligence other than the fault or negligence of Abramson, such damages resulted solely from the acts, omissions, or negligence of Third-Party Defendant, in its operation, maintenance, control, supervision, and management of the telemarketing services, which was solely in Third-Party Defendant's province.

## COUNT II
## CONTRIBUTION

22. Planet Roof repeats and realleges the allegations of the preceding paragraphs as if set forth at length herein.

23. Should Planet Roof be held liable to Abramson or any other members of the putative class herein, which liability is denied, such liability is a result of Third-Party Defendant's actions and its failure to perform its obligations under the Agreement in accordance with its terms and applicable law.

4

24.    If Planet Roof should be found liable to Abramson or any other members of the putative class herein, which liability is denied, Third-Party Defendant is a joint tortfeasor with respect to any loss, liability, or expense.

**COUNT III**
**BREACH OF CONTRACT**

25.    Planet Roof repeats and realleges the allegations of the preceding paragraphs as if set forth at length herein.

26.    Upon information and belief, Bigly entered into a valid and enforceable agreement with Co-Defendant Networx Systems Inc. ("Networx") pursuant to which Bigly agreed to provide telemarketing, lead generation, call-placement, prerecorded voicemail, and/or related services in connection with leads, calls, or customer contacts involving Planet Roof.

27.    Planet Roof was an intended third-party beneficiary of the agreement between Bigly and Networx. The agreement was entered into, at least in part, for the purpose of generating, routing, transmitting, or otherwise facilitating leads, calls, or customer contacts for the benefit of Planet Roof, and Bigly knew or reasonably should have known that Planet Roof would receive the benefit of Bigly's performance.

28.    Upon information and belief, under the Bigly-Networx agreement, Bigly was obligated to perform its services in compliance with all applicable federal, state, and local laws and regulations, including the Telephone Consumer Protection Act, applicable FCC rules, and any requirements governing consent, prerecorded messages, call placement, opt-out handling, and do-not-call compliance.

29.    Upon information and belief, Bigly further agreed to indemnify, defend, and hold harmless Networx and its customers, including Planet Roof, from and against any and all claims, losses, damages, liabilities, costs, expenses, and attorneys' fees arising out of or relating to Bigly's

5

services, including any claim based on Bigly's alleged failure to comply with the TCPA, applicable FCC rules, or other federal, state, or local laws governing telemarketing, prerecorded messages, consent, opt-outs, or do-not-call compliance.

30.    Planet Roof is an intended beneficiary of Bigly's indemnification obligations under the Bigly-Networx agreement. Bigly's agreement to indemnify, defend, and hold harmless Networx and Planet Roof was intended to protect Planet Roof from liability, losses, defense costs, attorneys' fees, and other damages arising from claims based on Bigly's performance of the telemarketing, lead generation, call-placement, prerecorded voicemail, and/or related services at issue in this action.

31.    To the extent that Abramson or any members of the putative class were called in violation of the TCPA – which Planet Roof expressly denies – Bigly breached the Bigly-Networx agreement by causing or permitting telemarketing calls and/or prerecorded voicemail messages to be placed without ensuring compliance with the TCPA, applicable FCC rules, and the contractual requirements governing its services.

32.    Bigly further breached the Bigly-Networx agreement by refusing to indemnify, defend, and hold Planet Roof harmless from the claims, damages, losses, attorneys' fees, and costs alleged in Abramson's Complaint and incurred by Planet Roof in this action.

33.    Planet Roof has demanded that Bigly indemnify, defend, and hold Planet Roof harmless from the claims and damages alleged in Abramson's Complaint, including Planet Roof's reasonable attorneys' fees and costs. Bigly has refused to do so.

34.    As an intended third-party beneficiary of the Bigly-Networx agreement, Planet Roof is entitled to enforce Bigly's contractual obligations, including Bigly's obligations to perform

its services in compliance with applicable law and to indemnify, defend, and hold Planet Roof harmless.

35.    Should Planet Roof be held liable to Abramson or any member of the putative class, which liability Planet Roof expressly denies, such liability will have been caused by Bigly's breach of its contractual obligations under the Bigly-Networx agreement, including Bigly's obligations to comply with applicable law and to indemnify, defend, and hold Planet Roof harmless.

36.    Planet Roof has been damaged, and will continue to be damaged, as a direct and proximate result of Bigly's breaches, including but not limited to potential liability to Abramson and the putative class, defense costs, attorneys' fees, costs of suit, and other losses arising from the claims asserted in this action.

37.    Accordingly, Planet Roof is entitled to recover from Bigly all damages, losses, costs, attorneys' fees, and other relief caused by Bigly's breaches of the Bigly–Networx agreement, together with such other relief as the Court deems just and proper.

**COUNT IV**
**PROMISSORY ESTOPPEL (Pled in the Alternative to Count III)**

38.    Planet Roof repeats and realleges the allegations of the preceding paragraphs as if set forth at length herein.

39.    Bigly made clear and definite promises to perform its telemarketing, lead generation, call-placement, prerecorded voicemail, and related services in compliance with all applicable federal, state, and local laws and regulations, including the Telephone Consumer Protection Act, applicable FCC rules, and all requirements governing consent, prerecorded messages, call placement, opt-out handling, and do-not-call compliance.

40.    Bigly further promised to indemnify, defend, and hold harmless Networx and Planet Roof from and against any claims, losses, damages, liabilities, costs, expenses, and

7

attorneys' fees arising out of or relating to Bigly's services, including any claim based on Bigly's failure to comply with the TCPA, applicable FCC rules, or other applicable law.

41.    Bigly knew, or reasonably should have expected, that its promises regarding TCPA compliance, lawful call placement, and indemnification would induce action or forbearance on the part of Planet Roof because the telemarketing calls at issue were made in connection with leads, calls, and customer contacts for the benefit of Planet Roof, and Bigly knew or should have known that Planet Roof would rely upon Bigly's promises in allowing Bigly to place telemarketing calls on Planet Roof's behalf.

42.    Planet Roof actually and justifiably relied upon Bigly's promises. In reliance on Bigly's promises to perform its services in compliance with applicable law and to indemnify Planet Roof from claims arising from Bigly's conduct, Planet Roof allowed Bigly to make telemarketing calls on its behalf. Planet Roof's reliance was reasonable and foreseeable.

43.    As a result of its reliance upon Bigly's promises, Planet Roof has suffered and will continue to suffer damages, including potential liability to Abramson and the putative class, defense costs, attorneys' fees, costs of suit, and other losses arising from the claims asserted in this action.

44.    Injustice can be avoided only by enforcement of Bigly's promises.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Third-Party Plaintiff Planet Roof PA, LLC prays for judgment against Third-Party Defendant Bigly Sales, Inc. as follows:

(1) For total and complete indemnity for any damages incurred by Planet Roof arising out of the Complaint;

(2) For compensatory damages in an amount to be determined at trial;

(3) For costs of suit;

(4) For attorneys' fees;

(5) For such other and further relief as this Court deems just and proper.

Dated:  June 27, 2026               **FOX ROTHSCHILD LLP**

By: *s/ Colin D. Dougherty*
    Colin D. Dougherty
    D. Wesley Meehan
    980 Jolly Road, Suite 110
    Blue Bell, PA 19422-3001
    Tel:  (610) 397-6500
    Fax:  (610) 397-0450
    cdougherty@foxrothschild.com
    wmeehan@foxrothschild.com
    *Attorneys for Defendant Planet Roof PA, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Colin D. Dougherty, hereby certify that, on this date, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon all counsel of record.


Dated:  July 27, 2026                                   *s/ Colin D. Dougherty*
                                                         Colin D. Dougherty
                                                         FOX ROTHSCHILD LLP