IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,

    Plaintiff,

      v.

NETWORX SYSTEMS INC. and PLANET ROOF PA, LLC,

    Defendants/Third-Party Plaintiffs,

      v.

BIGLY SALES, INC.,

    Third-Party Defendant.

_____

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No.:  2:26-cv-00536-MJH

## **NETWORX SYSTEMS INC.'S THIRD-PARTY COMPLAINT**

AND NOW comes the Defendant/Third-Party Plaintiff, Networx Systems Inc. ("Networx"), by and through their counsel, Dickie, McCamey & Chilcote, P.C., and files this Third-Party Complaint against Third-Party Defendant, Bigly Sales, Inc., stating the following in support thereof:

### **Parties**

1.      Plaintiff, Stewart Abramson ("Abramson"), is an adult domiciled in this District.

2.      Defendant/Third-Party Plaintiff, Networx, is a corporation organized and existing under the laws of Delaware, with its headquarters in Atlanta, Georgia.

3. Upon information and belief, Defendant/Third-Party Plaintiff, Planet Roof PA, LLC, is a Pennsylvania Limited Liability Company with its principal place of business in Blue Bell, Pennsylvania.

4. Upon information and belief, Third-Party Defendant, Bigly Sales, Inc. ("Bigly") is a Delaware corporation.

## Jurisdiction & Venue

5. This Court has subject matter jurisdiction over Abramson's claims in the Complaint pursuant to 28 U.S.C. § 1331.

6. The claims in this Third-Party Complaint substantially relate to the claims at issue in the Complaint. Accordingly, this Court has supplemental jurisdiction over the claims herein under 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## Procedural History

8. On or about April 1, 2026, Plaintiff commenced this action via the filing of the Complaint in the United States District Court for the Western District of Pennsylvania, Case No. 2:26-cv-00536, alleging that Defendants advertised products and services through a marketing campaign using pre-recorded messages despite not having the requisite consent. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

9. On July 27, 2026, Networx filed its Answer and Affirmative Defenses to Plaintiff's Complaint in which it denied, and continues to deny, liability under any theory to Plaintiff. A true and correct copy of Networx's Answer and Affirmative Defenses to Plaintiff's Complaint is attached hereto as Exhibit "B."

10.     On July 27, 2026, Defendant Planet Roof PA, LLC filed its Answer and Defenses to Plaintiff's Complaint and its Third-Party Complaint against Bigly Sales, Inc.

### Statement of the Case

11.     Upon information and belief Networx obtained one or more leads that originated from Bigly.

12.     Bigly represents that all of its leads are TCPA compliant, *i.e.*, that Bigly secures proper consent where necessary before selling leads.[1]

13.     Plaintiff now alleges that Planet Roof PA, LLC and Networx called Plaintiff without Plaintiff's consent.

14.     Networx did not place the alleged call or calls to Plaintiff.

15.     Upon information and belief, Bigly called the Plaintiff, and then upon connecting with the Plaintiff, sold the lead.

16.     Networx purchased the lead sold by Bigly, which Networx received as an incoming call, and which Networx answered.

17.     Networx believed that any necessary consent associated with the lead had been obtained from Plaintiff.

18.     Networx then sold a lead originating with Bigly to Planet Roof PA, LLC.

19.     To the extent that Abramson or any of the putative class members were called absent their consent—which Networx expressly denies—this is a direct result of Bigly's failure to perform its services in compliance with TCPA regulations and applicable rules.

---

[1] *See* Bigly's Legal Compliance page on their website, at https://biglysales.com/legal-compliance/, which represents that Bigly is fully compliant with TCPA, HIPAA, FCC, and FTC.

20.     Networx has demanded that Bigly indemnify, defend, and hold harmless Networx from the claims and damages alleged in Plaintiff's Complaint.

21.     Bigly has failed to indemnify, defend, and hold harmless Networx from any and all claims, losses, and/or damages alleged in these proceedings, including Networx's reasonable attorneys' fees.

### Count I – Common Law Indemnification

22.     Networx incorporates by reference Paragraphs 1 through 21 hereof.

23.     To the extent that Plaintiff received violative calls without consent as alleged in Plaintiff's Complaint, Bigly is solely responsible.

24.     Without admitting the truth of the allegations set forth in the Complaint, if Plaintiff sustained damages in the manner alleged through any fault or negligence other than that of Plaintiff, such damages resulted solely from the acts, omissions, or negligence of Bigly in its operation, maintenance, control, supervision, and management of the telemarketing services.

25.     If Networx is found liable to Plaintiff, such liability will solely be the result of Bigly's conduct, not Networx's own independent wrongdoing.

26.     Networx is therefore entitled to complete indemnification from Bigly for any damages, judgments, settlements, costs, expenses, and attorneys' fees that Networx may incur as a result of the underlying action.

### Count II – Contribution

27.     Networx incorporates by reference Paragraphs 1 through 26 hereof.

28. Should Networx be held liable to Plaintiff or any other members of the putative class herein, which liability is denied, such liability is the result of Bigly's actions or omissions, and its failure to perform its obligations under applicable law.

29. If Networx is found to be liable to Plaintiff or any other members of the putative class herein, which liability is denied, Bigly is, at a minimum, a joint tortfeasor with respect to any loss, liability, or expense.

30. Bigly's actions or omissions contributed to or caused the injuries allegedly sustained by Plaintiff.

31. Networx is entitled to contribution from Bigly for any amounts Networx is required to pay Plaintiff.

WHEREFORE, Defendant/Third-Party Plaintiff, Networx Systems Inc. respectfully requests that this Court enter judgment against Third-Party Defendant Bigly Sales, Inc. as follows:

A. For total and complete and indemnity for any damages incurred by Networx Systems Inc. arising out of the Complaint;

B. For contribution to Networx Systems Inc. for any damages incurred by Networx Systems Inc. arising out of the Complaint that are the responsibility of Bigly Sales Inc.;

C. For compensatory damages in an amount to be determined at trial;

D. For costs of suit;

E. For attorneys' fees;

F. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.

By  */s/ Steven W. Zoffer*
     Steven W. Zoffer, Esquire
     PA I.D. #62497
     szoffer@dmclaw.com
     Brett W. Farrar, Esquire
     PA I.D. #79217
     bfarrar@dmclaw.com

Four Gateway Center
444 Liberty Avenue, Suite 1000
Pittsburgh, PA  15222
(412) 281-7272

*Counsel for Networx Systems Inc.*

36432311.3