**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

STEWART ABRAMSON, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NETWORX SYSTEMS INC and PLANET ROOF PA, LLC,

Defendants.

Civil Action No. 2:26-CV-00536-MJH

**ANSWER AND AFFIRMATIVE DEFENSES TO THIRD PARTY COMPLAINT**

AND NOW, comes the Third Party Defendant, BIGLY SALES, INC., by and through its counsel, MARSHALL DENNEHEY, PC, DANIELLE M. VUGRINOVICH, ESQUIRE, CARLY P. EDMAN, ESQUIRE and GREG P. GRAHAM, ESQUIRE, and files its Answer and Affirmative Defenses to the Third Party Complaint as follows:

**NATURE OF ACTION**

1. Admitted; however, Bigly denies any liability.

2. Denied. This paragraph refers to a document that speaks for itself. Any interpretation is denied.

3. Admitted.

4. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

**JURISDICTION & VENUE**

5. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

6. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

7. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

**PARTIES**

8. Admitted.

9. Admitted.

**FACTUAL ALLEGATIONS**

10. Denied. Bigly is without information sufficient to form a belief as to the truth or falsity of the averments contained within this Paragraph; therefore, the same are denied.

11. Denied. Bigly did not enter into a contract or agreement with Networx.

12. Denied. This paragraph refers to a document that speaks for itself. Any interpretation is denied.

13. Denied. This paragraph refers to a document that speaks for itself. Any interpretation is denied.

14. Admitted in part and denied in part. It is admitted that Bigly placed two consented to telemarketing calls to Plaintiff. The remainder of the averments are denied.

15. Denied. Bigly is without information sufficient to form a belief as to the truth or falsity of the averments contained within this Paragraph; therefore, the same are denied.

16. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

17. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

18. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

**COUNT I**
**COMMON LAW INDEMNIFICATION**

19. Bigly incorporates its Answer and Affirmative Defenses as if fully set forth herein.

20. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

21. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

**COUNT II**
**CONTRIBUTION**

22. Bigly incorporates its Answer and Affirmative Defenses as if fully set forth herein.

23. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

24. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

**COUNT III**
**BREACH OF CONTRACT**

25. Bigly incorporates its Answer and Affirmative Defenses as if fully set forth herein.

26. Denied. Bigly did not enter into an agreement with Networx.

27. Denied. Bigly did not enter into an agreement with Networx. The remaining averments contained within this paragraph are conclusions of law to which no response is required.

28. Denied. Bigly did not enter into an agreement with Networx. The remaining averments contained within this paragraph are conclusions of law to which no response is required.

29. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

30. Denied. Bigly did not enter into an agreement with Networx. The remaining averments contained within this paragraph are conclusions of law to which no response is required.

31. Denied. Bigly did not enter into an agreement with Networx. The remaining averments contained within this paragraph are conclusions of law to which no response is required.

32. Denied. Bigly did not enter into an agreement with Networx. The remaining averments contained within this paragraph are conclusions of law to which no response is required.

33. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

34. Denied. Bigly did not enter into an agreement with Networx. The remaining averments contained within this paragraph are conclusions of law to which no response is required.

35. Denied. Bigly did not enter into an agreement with Networx. The remaining averments contained within this paragraph are conclusions of law to which no response is required.

36. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

37. Denied. Bigly did not enter into an agreement with Networx. The remaining averments contained within this paragraph are conclusions of law to which no response is required.

## COUNT IV
## PROMISSORY ESTOPPEL (Pled in the Alternative to Count III)

38. Bigly incorporates its Answer and Affirmative Defenses as if fully set forth herein.

39. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

40. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

41. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

42. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

43. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

44. Denied. The averments contained within this paragraph are conclusions of law to which no response is required.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff failed to state a claim for relief under the TCPA for which this Honorable Court might grant relief.

**SECOND AFFIRMATIVE DEFENSE**

Any violation of the law or damage suffered by Plaintiff (which Bigly denies) was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to a claim for damages against Bigly.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has not suffered any injury in fact and, therefore, lacks the standing required to proceed with this action.

**FOURTH AFFIRMATIVE DEFENSE**

Bigly asserts that this suit may not be properly maintained as a class action because: (1) Plaintiff has failed to plead and cannot establish the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Amended Complaint; (3) individual issues of fact predominate; (4) Plaintiff's claims are not representative or typical of the putative class; (5) Plaintiff is not an adequate representative for the alleged putative class; and (6) Plaintiff cannot satisfy any of the requirements for class action treatment.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's clams fail, in whole or in part because Plaintiff provided prior express consent to being contacted.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A)(iii), fail as a matter of law because the equipment used to contact Plaintiff does not qualify as an automatic telephone dialing system (ATDS) under the Supreme Court's controlling interpretation in *Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021).

**SEVENTH AFFIRMATIVE DEFENSE**

Bigly never had a contract or agreement with Networx.

**EIGHTH AFFIRMATIVE DEFENSE**

Bigly never had a contract or agreement with Planet Roof.

Bigly reserves the right to assert any other affirmative defense not provided for herein upon further investigation and discovery.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: ______________________________

Danielle M. Vugrinovich, Esquire
PA ID #88326
Carly P. Edman, Esquire
PA ID #330913
Greg P. Graham, Esquire
PA ID #317205
**Attorneys for Third Party Defendant, Bigly Sales, Inc.**
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA 15219
PH: 412 803-1185 / FX: 412 803-1188
dmvugrinovich@mdwcg.com
cpedman@mdwcg.com
gpgraham@mdwcg.com