**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH**

| | | |
|---|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>NETWORX SYSTEMS INC. AND PLANET ROOF PA, LLC,<br><br>Defendant/Third-Party Plaintiffs,<br><br>vs.<br><br>BIGLY SALES, INC.,<br><br>Third-Party Defendant, | ) | 2:26-CV-00536-MJH |

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE**

The above case has been assigned to United States District Judge Marilyn J. Horan for all further proceedings. Pursuant to Local Rules 16.1 and 16.2, an initial case management conference will be conducted by **telephone** to discuss narrowing of the issues, the extent of pretrial preparation, discovery procedures, the early disposition of controlling questions of law, the probable extent of provable damages, the possibility of settlement, alternative dispute resolution options, and any other matters that will contribute to prompt and fair disposition of the case. Instructions for dialing-in to the conference will be provided.

Associate counsel, in lieu of lead trial counsel, may participate in the conference. Attending counsel shall obtain full settlement authority prior to the conference and must be prepared to discuss settlement of the case and alternative dispute resolution options in detail. All pending motions are subject to argument and disposition at the conference.

The Initial Case Management Conference will be held **telephonically** on **October 5, 2026 at 9:00 a.m.** As required by Rule 26(f) of the Federal Rules of Civil Procedure the parties must "confer as soon as practicable," to "consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan." Fed. R. Civ. P. 26(f)(2). The "confer" meeting must occur in person or by telephone (not via e-mail exchanges), and all trial counsel shall personally participate.

In addition, pursuant to Local Rule 16.2.D. at the Rule 26(f) conference "the parties are required to discuss and, if possible, stipulate to an ADR Process." LCvR 16.2.D. The parties are directed to comply with Local Rule 16.2.D's requirement that the parties' Rule 26(f) Report "shall (1) designate the specific ADR process that the parties have selected, (2) specify the time frame within which the ADR process will be completed, and (3) set forth any other information the parties would like the Court to know regarding their ADR designation." LCvR 16.2.D.

IT IS FURTHER ORDERED that on or before **September 28, 2026**, and pursuant to Rule 26(f)(2), and Local Rule 16.2.D, the attorneys of record and all unrepresented parties that have appeared in this case are jointly responsible for submitting to the Court:

**(A)** The "written report" required by Rule 26(f)(2). Said report shall be in the form set forth in the Local Rules at Appendix LCvR 16.1A, **attached as Exhibit A**, and shall be referred to as the Rule 26(f) Report.

**(B)** The "Stipulation Selecting an ADR process." Said stipulation shall be in the form **attached as Exhibit B**.

**SO ORDERED** this 18th day of September 2026.

s/*Marilyn J. Horan*
United States District Judge