**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>NETWORX SYSTEMS INC. and PLANET ROOF PA, LLC<br><br>Defendants. | Case No. 2:26-cv-00536-MJH |

## REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.1, counsel for the parties submit the following report of their meeting for the court's consideration:

1. **Identification of Counsel and Unrepresented Parties**

   a. Plaintiff Stewart Abramson is represented by:

Jeremy C. Jackson
Bower Law Associates, PLLC
403 S. Allen Street, Suite 210
State College, PA 16801
Telephone: (814) 234-2626
Email: jjackson@bower-law.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Fax: (508) 318-8100
Email: anthony@paronichlaw.com

b. Defendant Networx Systems Inc. is represented by:

Steven W. Zoffer and Brett W. Farrar
Dickie, McCamey & Chilcote, P.C.
Four Gateway Center
444 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
Telephone: (412) 281-7272
Emails: szoffer@dmclaw.com and bfarrar@dmclaw.com

c. Defendant Planet Roof PA, LLC is represented by:

Colin D. Dougherty
Fox Rothschild LLP
980 Jolly Road, Suite 110
Blue Bell, PA 19422-3001
Telephone: (610) 397-6500
Fax: (610) 397-0450
Emails: cdougherty@foxrothschild.com and wmeehan@foxrothschild.com

d. Third-Party Defendant Bigly Sales, Inc. is represented by:

Danielle M. Vugrinovich, Carly P. Edman, and Greg P. Graham
Marshall Dennehey, P.C.
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 803-1185
Fax: (412) 803-1188
Emails: dmvugrinovich@mdwcg.com, cpedman@mdwcg.com, and gpgraham@mdwcg.com

**2. General Nature of the Case**

This is an alleged putative nationwide class action filed under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b). Plaintiff alleges that Networx, acting for the benefit of Planet Roof, caused artificial or prerecorded-voice telemarketing calls to be placed to residential telephone numbers without prior express written consent. Plaintiff alleges that he received such a call on March 6, 2026, was transferred between AI voice systems identifying themselves as

"Christa" and "Amanda with Networx," provided information during the call, and received a near-immediate follow-up call from Planet Roof.

Networx and Planet Roof deny liability and have asserted third-party claims against Bigly for indemnification and contribution, with Planet Roof also asserting contract and promissory-estoppel claims. The additional Defendant, Bigly, admits that it placed two telemarketing calls to Plaintiff but contends that the calls were consented to, denies contractual relationships with Networx or Planet Roof, and denies liability. All Defendants deny that a class action is appropriate in this matter.

**3. Date of Rule 26(f) Conference**

The Rule 26(f) conference was held on September 24, 2026 and was attended by Anthony Paronich for the Plaintiff, Steven W. Zoffer and Brett W. Farrar for the Defendant Networx Systems Inc, Colin D. Dougherty for the Defendant Planet Roof PA, LLC and Danielle M. Vugrinovich for the Defendant Bigly Sales, Inc.

**4. Date of Rule 16 Conference Scheduled by the Court**

The Court has scheduled the Initial Local Rule 16.1 Scheduling Conference for October 5, 2026, at 9:00 a.m., by telephone.

**5. Anticipated Rule 12 Motions**

No party presently anticipates filing a dispositive motion under Federal Rule of Civil Procedure 12. Defendants intend to oppose class certification for this matter.

**6. Designation of ADR Process**

Plaintiff proposes private mediation after the parties have exchanged the classwide call records, consent records, vendor records, and expert reports needed to evaluate the size and

characteristics of the proposed Class. Plaintiff is interested only in a classwide resolution. Plaintiff proposes that mediation be completed by June 16, 2027.

Defendants propose that discovery initially be limited to Plaintiff's individual claims and defenses and that classwide discovery be deferred. Plaintiff opposes that proposal for the reasons stated below and proposes that merits and class discovery proceed concurrently.

Defendants agree to mediation with Plaintiff after case specific discovery occurs. Defendants believe that additional time is needed to assess and discuss a mutually agreeable mediator.

**7. Rule 26 Disclosures**

The parties propose no change to the form or requirements of Federal Rule of Civil Procedure 26(a)(1). Plaintiff proposes that initial disclosures be exchanged by October 19, 2026, fourteen days after the Initial Scheduling Conference.

**8. Subjects of Discovery**

A. *Plaintiff's Proposed Discovery Plan*

Plaintiff anticipates conducting fact discovery concerning the calls directed to Plaintiff and entities that initiated, transferred, purchased, sold, or benefited from the calls or resulting leads. The source of Plaintiff's telephone number and allocation of responsibilities among Networx, Planet Roof, Bigly, and any other vendors or lead sources involved in the challenged calls. Plaintiff also anticipates conducting discovery concerning the AI voice systems, dialing platforms and campaigns used to place or facilitate the challenged calls to Plaintiff and putative class members. Discovery will further address the parties' policies and practices regarding TCPA compliance and the requirements for class certification.

These subjects substantially overlap. Discovery concerning call records, lead sources, consent, calling technology, vendor relationships, agency, and the operation of the challenged campaign bears on both Plaintiff's individual claim and the Rule 23 requirements. Plaintiff therefore contends that bifurcation would result in duplicative discovery, disputes concerning whether particular discovery is "individual" or "class" discovery, and unnecessary delay. Plaintiff proposes a single fact-discovery period during which all discovery relevant and proportional to the claims, defenses, and class-certification issues may proceed.

This approach is consistent with *Bronstin v. Upstart Network, Inc.*, No. 1:25-cv-01410, 2026 U.S. Dist. LEXIS 71204, at *6–7, 2026 WL 893681 (M.D. Pa. Apr. 1, 2026), a recent TCPA putative class action denying a request to bifurcate individual and class discovery. The Court recognized that "[w]here individual issues overlap with the class certification issues, a court has reason enough to deny a bifurcation motion," and concluded that bifurcation would create additional disputes over "whether the requests exchanged are seeking information related to individualized discovery or class discovery." *Id.* at *6–7. The Court therefore determined that "[i]t would be more expeditious and economical to have a single phase of individualized and class discovery that leads to a class certification motion." *Id.* at *7. The same considerations apply here because the discovery concerning the calls, consent, calling technology, lead sources, vendor relationships, and campaign practices necessarily bears on both Plaintiff's individual claim and the proposed Class.

B. *Defendants' Proposed Discovery Plan*

Defendants anticipate seeking discovery related to the following topics: (1) Plaintiff's telephone records related to the calls at issue; (2) Plaintiff's records related to the national Do Not Call List; (3) Any information or documents related to any consent provided by Plaintiff to receive

any calls related to the allegations in the Complaint; and (4) information and documents related to Plaintiff's numerous prior TCPA lawsuits; and (5) the nature and extent of injury and damage claimed by Plaintiff. Defendants also propose a bifurcated discovery schedule if class discovery occurs, beginning with non-class discovery.

### 9. Suggested Dates

| **Event** | **Proposed Deadline** |
| --- | --- |
| **Rule 26(a)(1) disclosures** | **October 19, 2026** |
| **Joinder of additional parties** | **January 4, 2027** |
| **Amendment of pleadings** | **January 4, 2027** |
| **Plaintiff's expert reports** | **April 2, 2027** |
| **Depositions of Plaintiff's experts** | **April 23, 2027** |
| **Completion of fact discovery** | **May 3, 2027** |
| **Defendants' and Third-Party Defendant's expert reports** | **May 3, 2027** |
| **Depositions of Defendants' and Third-Party Defendant's experts** | **June 2, 2027** |
| **Private mediation completed** | **June 16, 2027** |
| **Post-Discovery Status Conference** | **At the Court's convenience after June 16, 2027** |

### 10. Changes to Limitations in Discovery

Plaintiff proposes no changes to the limitations on discovery established by the Federal Rules and proposes that merits and class discovery proceed concurrently. Defendants propose that discovery be bifurcated and that class discovery be deferred while discovery concerning Plaintiff's individual claims and defenses proceeds. Plaintiff opposes that proposal.

**11. Electronic Discovery**

The parties expect much discovery will be in electronic form. The Plaintiff has provided the Defendant with their electronic production preferences, and the parties do not believe an ESI special master is needed at this time.

The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules.

**12. Post-Discovery Status Conference**

The parties are requesting a post-discovery status conference.

**13. Rule 16 or 26 Orders**

The parties are requesting the entry of a Protective Order regarding treatment of documents produced in discovery.

**14. Special Master**

The parties are not requesting the appointment of a special master relating to any issues at this time.

**15. Disagreements between the Parties in this Report.**

See above.

Dated: September 29, 2026

PLAINTIFF,
By his attorneys

*/s/ Anthony I. Paronich*

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com

DEFENDANT,
NETWORX SYSTEMS INC.
By their attorneys

*/s/ Steven W. Zoffer*

Steven W. Zoffer, PA ID #62497
Brett W. Farrar, PA ID #79217
Dickie, McCamey & Chilcote, P.C.
Four Gateway Center
444 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
Telephone: (412) 281-7272
Emails: szoffer@dmclaw.com
bfarrar@dmclaw.com

DEFENDANT,
PLANET ROOF PA, LLC
By their attorney

*/s/ Colin D. Dougherty*

Colin D. Dougherty

Fox Rothschild LLP
980 Jolly Road, Suite 110
Blue Bell, PA 19422-3001
Telephone: (610) 397-6500
Fax: (610) 397-0450
Emails: cdougherty@foxrothschild.com
wmeehan@foxrothschild.com

THIRD-PARTY DEFENDANT,
Bigly Sales, Inc. is represented by:

*/s/ Danielle M. Vugrinovich*
Danielle M. Vugrinovich, PA ID #88326
Carly P. Edman, PA ID #330913
Greg P. Graham, PA ID #317205
Marshall Dennehey, P.C.
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 803-1185
Fax: (412) 803-1188
Emails: dmvugrinovich@mdwcg.com,
cpedman@mdwcg.com,
gpgraham@mdwcg.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2026 the foregoing was filed through the Court's CM/ECF system, giving notice to all parties of record.

/s/ *Anthony I. Paronich*
Anthony Paronich