**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH**

| | | |
|---|---|---|
| STEWART ABRAMSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NETWORX SYSTEMS INC. and PLANET ROOF PA, LLC,<br><br>Defendants, | ) | 2:26-CV-00536-MJH |

**INITIAL CASE MANAGEMENT ORDER**

AND NOW, this 5th day of October 2026, an initial case management conference having been held pursuant to Federal Rule of Civil Procedure 16 on October 5, 2026, it is hereby ORDERED that the parties comply with the following:

1. **Local Rule 16.1:** This civil action is governed by Local Rule of Civil Procedure 16.1 – Pretrial Procedures.

2. **Settlement Negotiations:** Counsel for the parties shall confer with their clients and any involved insurance carriers before all case management, status, or pretrial conferences to obtain authority to participate in settlement negotiations conducted by the Court. A client's representative/insurance carrier representative shall be available by phone for any such conference. If a party anticipates potentially relying upon an insurance carrier to satisfy all or part of any settlement or award, a representative of the insurance carrier(s) who possesses full, unilateral settlement authority shall be available to participate in all case management conferences, status conferences, and settlement negotiations, including ADR sessions, either in-person or via telephone.

3. **Initial Scheduling:** The parties shall comply with the following deadlines:

a) Disclosures pursuant to Fed. R. Civ. P. 26(a) shall be made on or before October 19, 2026.

b) Additional parties shall be joined on or before January 4, 2027.

c) Pleadings shall be amended on or before January 4, 2027.

d) Fact discovery as to Individual Plaintiff's claim shall be completed on or before February 2, 2027. All interrogatories, depositions, requests for admissions and requests for production shall be served with sufficient time to allow responses to be completed prior to the close of discovery. The Court may extend the discovery deadline upon a showing of good cause and upon motion filed prior to the expiration of such deadline. The motion shall: (i) specifically state all discovery completed to date and to be conducted if the extension is granted; (ii) contain a showing of good cause for the requested extension; (iii) list any previous extensions of discovery; and (iv) attach a proposed order which establishes specifically the extended closure date being requested and setting forth the discovery to be conducted.

e) Discovery regarding expert reports and depositions is deferred.

f) Class certification discovery is deferred.

g) Plaintiff's expert reports as to class certification is deferred.

h) Plaintiff's expert rebuttal report is deferred.

i) Depositions of class certification experts is deferred.

j) Plaintiff's Motion for Class Certification, Memorandum in Support, and all supporting evidence is deferred.

k) Defendant's Memorandum in Opposition to Class Certification and supporting evidence is deferred.

l) Plaintiff's Reply Memorandum in support of Class Certification, if any, is differed.

m) Any Class Certification hearing will be scheduled by further order of Court.

4. **Alternative Dispute Resolution (ADR):** The parties are advised to comply with all ADR requirements pursuant to Local Rule of Civil Procedure 16.2. The parties are directed to promptly schedule and file the notice of the ADR proceeding. A representative of any insurance carrier which may be responsible, in whole or in part, for any portion of the claims alleged and who has full, unilateral settlement authority must attend any ADR proceeding in person if insurance proceeds could cover any portion of a settlement or verdict.

5. An Order implementing Federal Rule of Evidence 502(d) shall be entered.

6. **Discovery and Other Case Management Disputes:** With regards to discovery and case management disputes, the parties shall first confer with opposing counsel in an attempt to resolve the same. Should a resolution not be reached, the parties shall file a brief joint motion that outlines the following:

1. Nature and Scope of the Dispute;
2. Parties Respective Positions;
3. Counsel's availability over the next seven (7) days; and
4. Any time sensitivity to a decision.

Following review of the joint motion, the Court will issue an order which a) disposes of the dispute; b) sets forth a briefing schedule; and/or c) schedules the matter for hearing.

7. **Other Deadlines/Post-Discovery Status Conference:** A Post-Discovery Status Conference is set for **February 16, 2027 at 9:00 a.m.**, at which time the Court will address the possibility of settlement and the Individual Plaintiff as a representative of the proposed class; and as necessary, will set deadlines for expert discovery; dispositive motions; pre-trial statements; motions in *limine*; and a presumptive trial date and final pre-trial conference.

On or before **February 9, 2027**, the parties shall confer and file a joint status report on the following matters:

1. Resolution:

a. Have the parties made any progress toward resolution?

b. Will the parties be engaging in any further ADR?

c. If so, when and with whom?

2. Expert Discovery:

a. If expert discovery has not been completed, please provide a proposed timeline for the exchange of reports and depositions.

3. Dispositive Motions:

a. Do either of the parties plan on filing any dispositive motions?

b. If so, please provide a proposed timeline consistent with the Court's Standing Order regarding dispositive motions.

4. Trial:

Is there anything further that needs to be done by the parties prior to scheduling for trial?

IT IS SO ORDERED.

s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge